**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
Connie C. Catone (State Bar No. 274248)
Email: connie@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
CHERIE A. ADAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE A. ADAMS, an Individual; | Case No.: 8:15-cv-00010-JLS-JCG |
| Plaintiff, | Judge: Hon. Josephine L. Staton<br>Courtroom: 10A |
| v. | |
| URBAN TRUST BANK, a Federally Chartered Bank; SAGE POINT LENDER SERVICES, LLC, a California Limited Liability Company; and DOES 1 through 100, Inclusive, | **PLAINTIFF'S OPPOSITION TO DEFENDANT URBAN TRUST BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES.** |
| Defendants. | Hearing:<br>Date: March 20, 2015<br>Time: 2:30 p.m.<br>Judge: Hon. Josephine L. Staton<br>Courtroom: 10A |
| | Date Action Filed: August 5, 2014<br>Date Removed: January 5, 2015<br>Trial Date: Not Yet Set |

TO DEFENDANT AND TO IT'S ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that Plaintiff CHERIE A. ADAMS ("Plaintiff" or "Adams"), responds in opposition to the motion under Federal Rules of Civil Procedure Rule 12(b)(6) filed by Defendant URBAN TRUST BANK ("Defendant"

-1-

1   or "Urban Trust").  Plaintiff is entitled to prove all facts set forth in Plaintiff's First

2   Amended Complaint that would allow relief under her allegations.  Plaintiff's

3   essential elements and claims are material to the instant matter, sufficiently stated,

4   and in support thereof, offer the attached Memorandum of Points and Authorities.

5          Plaintiff respectfully requests the Court to deny Defendant's motion to

6   dismiss for failure to state a claim, and request that her Complaint be retained on

7   the docket, and indulge all inferences in favor of Plaintiff, and for such other relief

8   as the Court deems honorable and just.  In the event that Defendant's motion to

9   dismiss is granted, then Plaintiff requests leave of Court to amend her Complaint.

10

11  DATED: February 27, 2015                    **MCFARLIN LLP**

12

13                                      By:   /s/ Connie C. Catone

14                                      _____

15                                      Jarrod Y. Nakano
16                                      Connie C. Catone
                                        Attorneys for Plaintiff
17                                      CHERIE A. ADAMS

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………..…..……...…… ii-iv

I.      INTRODUCTION…………………………………………………………1

II.     STATEMENT OF FACTS………………………………………………1

III.    ARGUMENTS AND AUTHORITIES…………………………………....3

        A.     Standard of Review Governing 12(b)(6) Motion to Dismiss…...…..3

        B.     Plaintiff's Claims Under HBOR are Properly Pled…………………. 5

        C.     Plaintiff's Claim Under California *Business & Professions Code*
               Section 17200 Case of Action States a Valid Claim for Relief……… 6

               a.     Defendant's Business Practices Were Unlawful…………..8

               b.     Defendant's Business Practices were Unfair…………….....8

               c.     Defendant's Business Practices were Fraudulent………..9

        D.     Plaintiff's Fraud and Negligent Misrepresentations Causes of Action
               State Valid Claims for Relief…………………………………….....9

        E.     Plaintiff's Claim for Promissory Estoppel is Properly Pled………...11

IV.     CONCLUSION ………………………………………………………........13

1
# TABLE OF AUTHORITIES

2
## CASES

3
Balistreri v. Pacifica Police Dept.............................................................4

4
     901 F. 2d 696 (9th Cir. 1990)

5
Bell Atlantic Corp. v. Twombly............................................................4

6
     550 U.S. 544 (2007)

7
Committee on Children's Television, Inc. v. General FoodsCorp....................8

8
     35 Cal.3d 197 (1983)

9
Conley v. Gibson...............................................................................4

10
     355 U.S. 41 (1957)

11
De La Cruz v. Tormey........................................................................4

12
     582 F.2d 45 (9th Cir. 1978)

13
Drennan v. Star Paving Co. ...............................................................11

14
     51 Cal.2D 409 (1958)

15
Gilligan v. Jamco Development Corp.......................................................4

16
     108 F.3d 246 (9th Cir 1997)

17
Hishon v. King & Spalding...................................................................4

18
     467 U.S. 69 (1984)

19
Lange v. TIG Ins. Co......................................................................... 11

20
     68 Cal.App.4th 1179 (1998)

21
Los Angeles Equestrian Ctr. v. City of Los Angeles ...............................11

22
     17 Cal.App.4th 432 (1993)

23
Melican v. Regents of University of California..........................................9

24
     151 Cal.App.4th 168 (2007)

25
Neitzke v. Williams...........................................................................4

26
     490 U.S. 319 (1989)

27
Parks School of Business, Inc. v. Symington.............................................4

28
     51 F.3d 1480 (9th Cir. 1995)

1   Philipson & Simon v. Gulvsig..........................................................9

2       154 Cal.App.4th 347 (2007)

3   Podolksy v. First Healthcare Corp..................................................8

4       50 Cal.App.4th 632

5   Raedeke v. Gibraltar Sav. & Loan Ass'n.........................................12

6       10 Cal.3d 665 (1974)

7   Redding v. St. Francis Med. Ctr....................................................8

8       208 Cal.App.3d 98 (1989)

9   SEC. Cross Fin'l Services, Inc......................................................4

10      908 F. Supp. 718 (C.D. CA 1995)

11  Sprewell v. Golden State Warriors...............................................4

12      266 F.3d 979 (9th Cir. 2001)

13  State of California v. Texaco, Inc..................................................8

14      46 Cal.3d 1147 (1988)

15  State Farm Fire & Cas. Ins. v. Superior Court................................9

16      45 Cal.App.4th 1093 (1996)

17  Sullivan v.Washington Mut. Bank, F.A..........................................7

18      2009 WL 3459300 (N.D. Cal., Oct. 23, 2009)

19  Sutherland v. Barclays American/Mortgage Corp. ..........................12

20      53 Cal.App.4th 299 (1997)

21  Swierkiewicz v. Sorema N.A.......................................................4

22      534 U.S. 506 (2002)

23  Thomas v. Davis.......................................................................4

24      295 F.3d 890(9th Cir. 2002)

25  Vissuet v. Indymac Mortg. Services.............................................12

26      210 WL 1031013 (S.D. Cal.2010)

27  Weirum v. RKO Gen, Inc...........................................................10

28      15 Cal.3d 40 (1975)

-iii-

1    <u>Yamaguchi v. United States Department of the Air Force</u>...............................5

2        109 F.3d 1475 (9th Cir. 1997)

3    **STATUTES, RULES & REGULATIONS**

4    Fed. R. Civ. P. 8(a)...........................................................................3

5    Fed. R. Civ. P. 8(a)(2) ....................................................................3

6    Fed. R. Civ. P. 12(b)(6) ................................................................3, 4

7    Cal. Bus. & Prof. Code § 17200 .............................................6, 7, 8, 9

8    Cal. Bus. & Prof. Code § 17204 ...........................................................7

9    Cal. Civ. Code § 2923.6 ...................................................................5

10    Cal. Civ. Code § 2923.6(d) ...............................................................5

11    Cal. Civ. Code § 2923.6(e) ...............................................................6

12    Cal. Civ. Code § 2923.7 ...................................................................8

13    Cal. Civ. Code § 2924.21(a)1 ...........................................................7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITES

### I.

### INTRODUCTION

This action arises out Defendant URBAN TRUST BANK's ("Defendant" or "Urban Trust") violations of the Homeowner Bill of Rights ("HBOR") and wrongful initiation of foreclosure proceedings upon Plaintiff CHERIE A. ADAMS's ("Plaintiff" or "Adams") home[1].

Defendant violated provisions of the Homeowner Bill of Rights ("HBOR") by proceeding with the non-judicial foreclosure while Plaintiff was being reviewed for a loan modification, and Defendant's fraudulent and negligent misrepresentations made to Plaintiff.

As Defendant failed to comply with the provisions of HBOR, Plaintiffs respectfully requests the Court to deny Defendant's motion to dismiss in its entirety.

### II.

### STATEMENT OF FACTS[2]

On or around June 18, 2007, Plaintiff entered into written loan agreements with HMS Capital, Inc. ("HMS") (the "Loans"). Therein, HMS agreed to loan Plaintiff a sum of $480,000.00 secured by the Property. Plaintiff entered into the Loans to include a Deed of Trust securing such note covering the Property, then and now the principal dwelling and home of Plaintiff and her family. Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary

---

[1] Plaintiff is the owner of the real property commonly known as 321 South Rosebay Street, Anaheim, CA 92804 (the "Property"). The Property is Plaintiff's principle residence.

[2] Defendant includes an allegation that Plaintiff signed, and signed on behalf of her deceased husband, a Grant Deed of her Property to an individual named Eduardo Puentes (Ex. 4 to Defendant's RJN). However, that is outside the scope of the complaint and Plaintiff contends that she did not execute this document on her behalf or her husband's behalf.

-1-

1 under the Deed of Trust.  Chicago Title Company ("Chicago Title") was named as

2 the trustee under the Deed of Trust.  *See* First Amended Complaint ("FAC") ¶ 12.

3      In or around 2013, due to the downturn in the economy, Plaintiff experienced

4 a strain on her finances.  As such, Plaintiff sought a loan modification and some

5 relief with Urban Trust.  [FAC ¶ 16].

6      Thereafter, in or around August 2013, Plaintiff contacted Urban Trust, by and

7 through its authorized representative, and requested a loan modification/

8 restructuring agreement for the Loans and to submit a loan modification/

9 restructuring package.  Urban Trust informed Plaintiff that she was pre-approved

10 for a loan modification, that any arrearage under the Loan would be included in the

11 loan modification and trailed to the end of the loan, and that it was unnecessary for

12 Plaintiff to cure the arrearage.  Immediately thereafter, based upon the

13 representations made by Urban Trust, Plaintiff submitted her complete loan

14 modification package.  [FAC ¶¶ 17-18].

15      Plaintiff continuously submitted any documents requested by Urban Trust

16 and was assured that Plaintiff was pre-approved for a loan modification, that she

17 was under a loan modification review, and that Urban Trust would not dual track

18 the non-judicial foreclosure with the loan modification review.  [FAC ¶ 20].

19      On or around March 18, 2014, Defendant SAGE POINT LENDER

20 SERVICES, LLC ("Sage Point"), as the purported trustee for Urban Trust, recorded

21 a Notice of Default and Election to Sell Under Deed of Trust ("NOD" or "Notice of

22 Default") on Plaintiff's Property, in violation of the Homeowner Bill of Rights; as

23 Plaintiff's complete loan modification application was being reviewed for a loan

24 modification.  [FAC ¶ 21].

25      On or around June 19, 2014, Sage Point, as the purported trustee for Urban

26 Trust, recorded a Notice of Trustee's Sale on Plaintiff's Property, in violation of the

27 Homeowner Bill of Rights; as Plaintiff's complete loan modification application

28 was being reviewed for a loan modification.  [FAC ¶ 26].

-2-

1    Immediately thereafter, Plaintiff contacted Urban Trust, by and through its

2    authorized representatives, to inquire over the Notice of Trustee's Sale.  Urban

3    Trust informed Plaintiff that she was currently in review for a loan modification and

4    that the lender could not dual track the non-judicial foreclosure process and loan

5    modification review.  [FAC ¶ 27].

6    On July 14, 2014, Plaintiff received a letter from Urban Trust dated July 7,

7    2014, informing Plaintiff that she was denied for a loan modification.  In the letter

8    by Urban Trust, Plaintiff was informed that she had 30 days to appeal the loan

9    modification denial.  Moreover, the letter specifies that if the appeal is not

10   submitted within 30 days and "foreclosure proceedings were previously initiated,

11   the proceedings will resume upon the expiration of the 30 day appeal

12   period."  [FAC ¶ 28].

13   The following day, on July 15, 2014, Urban Trust and Sage Point sold

14   Plaintiff's home at auction and Yong T. Kim and Mohammad Esmaili, as trustees

15   of the Rosebay Trust #321 (collectively, "Rosebay Trust") purchased the property

16   at trustee's sale; in violation of the Homeowner Bill of Rights.  [FAC ¶ 29].

17   Thereafter, Rosebay Trust initiated eviction proceedings against Plaintiff, by

18   sending her the Three Day Notice to Quit.  [FAC ¶ 31].

19   On or about July 17, 2014, Plaintiff's counsel sent a letter to Urban Trust,

20   Sage Point, and Rosebay Trust's real state the agent, the July 15, 2014, foreclosure

21   sale was in violation of the Homeowner Bill of Rights. Shortly thereafter,

22   Defendants rescinded the foreclosure sale.  [FAC ¶¶ 32- 33].

23                                   III.

24                   ARGUMENTS AND AUTHORITIES

25   A.      Standard of Review Governing 12(b)(6) Motion To Dismiss.

26   A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the

27   legal sufficiency of the claims asserted in the complaint.  The issue raised by a Rule

28   12(b)(6) motion is whether the facts pleaded would, if established, support a valid

                                    - 3 -

1    claim for relief. *Neitzke v. Williams, (1989)* 490 U.S. 319, 328-329; *Gilligan v.*

2    *Jamco Development Corp.*, 108 F.3d 246, 248-249 (9th Cir. 1997).

3        The standard for dismissal incorporates and must be viewed in light of the

4    simplified pleading standards embodied in the Federal Rules of Civil Procedure

5    Rule 8(a). *See Swierkiewicz v. Sorema N.A.*, (2002) 534 U.S. 506, 511-514.

6    According to Rule 8(a)(2), a complaint must set forth only "a short and plain

7    statement of the claim showing that the pleader is entitled to relief." Such a

8    statement is adequate so long as it "give[s] the defendant fair notice of what the

9    plaintiff's claim is and the grounds upon which it rests." *Id.* at 512.

10       The standard to be applied in ruling on a motion to dismiss claims for legal

11    insufficiency a motion viewed with disfavor in the federal courts, is well

12    established. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). "[A]

13    complaint should not be dismissed for failure to state a claim unless it appears

14    beyond doubt that the plaintiff can prove no set of facts in support of his claim

15    which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

16    *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995);

17    *SEC v. Cross Fin'l Services, Inc.*, 908 F. Supp. 718, 726-27 (C.D. CA 1995); *and*

18    *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (Only if no possible

19    construction of the alleged facts will entitle plaintiff to relief should the court grant

20    defendant's motion.). In reviewing a Rule 12(b)(6) motion to dismiss, the Court

21    must assume the truth of all factual allegations and construe inferences in the light

22    most favorable to the non-moving party. *Thomson v. Davis*, 295 F.3d 890, 895 (9th

23    Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

24       A dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) is only

25    proper where is either a "lack of a cognizable legal theory" or "the absence of

26    sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

27    *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must be construed

28    on the assumption that all of its allegations are true even if doubtful in fact. *Bell*

1    *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In addition, in ruling on a motion

2    to dismiss, the court must construe the complaint in the light most favorable to the

3    plaintiff.  *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475,

4    1481 (9th Cir. 1997).

5             As will be discussed more thoroughly herein, the FAC sets forth a number of

6    cognizable legal theories and factual allegations under those respective claims.  As

7    such, Defendant's motion should be denied.

8             B.      Plaintiff's Claims Under HBOR are Properly Pled.

9             Defendant argues that Plaintiff has failed to allege sufficient facts to support

10   any of these [HBOR] cause[s] of action."  [Motion to Dismiss, pg. 4, lines 3-4].

11   However, Defendant has clearly failed its duties and obligations under the

12   Homeowner Bill of Rights.  Beginning January 1, 2013, the Homeowner Bill of

13   Rights made numerous amendments and additions to the pre-foreclosure process

14   applicable to owner occupied first lien mortgage loans.  The Homeowner Bill of

15   Rights was designed to protect homeowners from unfair practices by banks and

16   mortgage companies and to help consumers and communities cope with the state's

17   urgent mortgage and foreclosure process.

18           Pursuant to California *Civil Code* Section 2923.6, if a borrower submits a

19   complete application for a first lien loan modification review, the mortgage

20   servicer/ lender shall not record a notice of default or notice of sale, or conduct a

21   trustee's sale, while the compete first lien loan modification application is pending.

22           If the borrower's loan modification application for a first lien loan

23   modification is denied, the borrower shall have at least 30 days from the date of the

24   written denial to appeal the denial and to provide evidence that the mortgage

25   servicer's determination was in error. CAL. CIV. CODE § 2923.6(d).

26           If the borrower's application for a first lien loan modification is denied, the

27   mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not

28   record a notice of default, record a notice of trustee's sale, or conduct a trustee's

- 5 -

1  sale until the later of: (1) 31 days after the borrower is notified in writing of the

2  denial. (2) If the borrower appeals the denial, the later of 15 days after the denial of

3  the appeal or 14 days after a first lien loan modification is offered after appeal but

4  declined by the borrower, or, if the loan modification is offered and accepted after

5  appeal, the date on which the borrower fails to timely submit the first payment or

6  otherwise breaches the terms of the offer.  CAL. CIV. CODE § 2923.6(e).

7       In this case, Defendant has made numerous material violations of the

8  Homeowner Bill of Rights.  Despite Plaintiff being reviewed for a loan

9  modification Defendant recorded the Notice of Default.  [FAC ¶¶ 18-21].  Again,

10  while Plaintiff was being reviewed for a loan modification Defendant recorded the

11  Notice of Trustee Sale.  [FAC ¶ 26].  Thereafter, during the time in which Plaintiff

12  had to appeal the loan modification denial, Defendant sold Plaintiff's home at a

13  non-judicial foreclosure sale.  [FAC ¶ 29; Motion to Dismiss, Pg. 4-5, lines 27 – 1].

14  Thus, Defendant has clearly violated the prohibition of dual-tracking the loan

15  modification review and non-judicial foreclosure.

16       Further, Defendant argues that Plaintiff fails to plead she was prejudiced by

17  the HBOR violations of Defendant.  [Motion to Dismiss, pg. 7, lines 9-11].

18  However, Plaintiff clearly alleges her home was sold at a non-judicial foreclosure

19  sale and had eviction proceedings initiated against her.  Plaintiff was forced to bring

20  this instant action in order for Urban Trust to comply with HBOR and resend the

21  wrongful sale.  Thus Plaintiff was prejudiced by Defendant's conduct.  [FAC ¶¶ 29-

22  33].

23       Therefore, Plaintiff has sufficiently pled a cause of action for violations of

24  the HBOR.

25  C.    Plaintiff's Claim Under California *Business & Professions Code* §

26        17200 is Sufficiently Pled.

27       Defendant argues that Plaintiff's claims under California *Business &*

28  *Professions Code* Section 17200 fails as her other four causes of action fail.

- 6 -

1   [Motion to Dismiss, pg. 17, lines 18-19].  However, Defendant misunderstands the

2   facts of this case, as Plaintiff's second cause of action for unfair business practices

3   is predicated on Defendant's violations of the HBOR, as discussed above.

4        In addition, Defendant argues that Plaintiff lacks standing to bring her unfair

5   business practices claim.  [Motion to Dismiss, pg. 19, lines 15-16]. However,

6   Defendant clearly ignores the harm it inflicted upon Plaintiff with its wrongful

7   initiation of the non-judicial foreclosure process on Plaintiff's home and foreclosure

8   sale.  Further, the HBOR expressly provides a private right of action for injunctive

9   relief to compel compliance and enjoin violators.  CAL. CIV. CODE §

10  2924.12(a)1.  As such, Plaintiff has standing to bring her claims under California

11  Business & Professions Code § 17200 due to Defendant's unlawful, unfair, and

12  fraudulent business practices pursuant to the HBOR.

13       In addition, it is clear that the initiation of foreclosure proceedings against

14  Plaintiffs is sufficient to establish standing under California *Business & Professions*

15  *Code* section 17204.  *Sullivan v. Washington Mut. Bank, F.A.* (N.D. Cal., Oct. 23,

16  2009) 2009 WL 3458300 at 13.

17       In this case, it is undisputed that Defendant initiated the foreclosure process

18  on Plaintiff's home.  [FAC ¶ 21].  In addition, Defendant actually sold Plaintiff's

19  home during a non-judicial foreclosure trustee's sale.  [FAC ¶ 29].  As such, there

20  is no doubt that Plaintiff has suffered actual harm, as a result of Defendant's unfair

21  conduct, and faced the loss of title and possession to her home.  As such, Plaintiff

22  has standing to bring her claims under California *Business & Professions Code*

23  section 17200.

24       Further, as discussed above, Plaintiff has properly pled her claim for a

25  violations of the HBOR against Defendant.

26       *Business and Professions Code* Section17200 prohibits any 'unlawful, unfair

27  or fraudulent business act or practice" and any "unfair, deceptive, untrue or

28  misleading advertising."  A single business act is actionable.  At one time, unfair

-7-

1  competition related to business "practices" but not to single unfair acts. *See, e.g.,*

2  *State of California v. Texaco, Inc.*, 46 Cal.3d 1147, 1169-70, 252 Cal. Rptr. 221

3  (1988).  In 1992, the Legislature broadened §17200 to cover a single business "act"

4  as well as a business "practice."

5                   a.      <u>Defendant's Business Practices Were Unlawful.</u>

6       An unlawful business activity includes anything that can properly be called a

7  business practice and that at the same time is forbidden by law. *Committee on*

8  *Children's Television, Inc. v. General FoodsCorp.*, 35 Cal.3d 197, 209-10, 197 Cal.

9  Rptr. 783 (1983) (quoting *Barquis v. Merchants Collection Ass'n*, 7 Cal.3d 94, 112-

10  13, 101 Cal. Rptr. 745, 758 (1972)).

11       Here, Defendant is engaging in standard business practices by servicing a

12  mortgage with Plaintiff and its specific acts were in violation of California *Civil*

13  *Code* section 2923.7, through its dual tracking as described above.

14                   b.      <u>Defendant's Business Practices Were Unfair.</u>

15       An unfair practice occurs when it offends an established public policy or

16  when the practice is immoral, unethical, oppressive, unscrupulous or substantially

17  injurious to consumers. *Podolsky v First Healthcare Corp.*, 50 Cal.App.4th 632,

18  647 (1996); *Redding v. St. Francis Med. Ctr*, 208 Cal.App.3d 98, 107 (1989)

19  (quoting *California v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d

20  509, 530 (1984)).  Another test in determining whether a particular business

21  practice is "unfair" involves an examination of its impact on its alleged victim,

22  balanced against the reasons, justifications and motives of the alleged wrongdoer.

23  The court weighs the utility of the defendant's conduct against the gravity of the

24  harm to the alleged victim. *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632

25  (1996).

26       Here, Defendant's business practices were in violation of the Homeowner

27  Bill of Rights and are contrary to public policy.  The spirit and the reason for

28  enactment of the Homeowner Bill of Rights were to protect homeowners and

1  tenants in connection with foreclosures and to bring fairness, accountability, and

2  transparency to the California's foreclosure process.  As such, Defendant's

3  statements and inaccurate information provided by its employees is against public

4  policy.

5          c.      Defendant's Business Practices Were Fraudulent.

6          The "fraud" contemplated by Section 17200's third prong bears little

7  resemblance to common law fraud or deception. The test is whether the public is

8  likely to be deceived. This means that a Section 17200 violation, unlike common

9  fraud, can be shown even if no one was actually deceived, relied upon the

10 fraudulent practice, or sustained any damage." *State Farm Fire & Cas. Ins. v*

11 *Superior Court*, 45 Cal.App.4th 1093, 1105, 53 Cal. Rptr. 2d 229, 235 (1996).

12         Here, Defendant is misleading their customers who have put their trust in

13 them to act fairly and honestly and not violate any laws or regulations.  Defendant

14 as a federally chartered bank, conducting unfair business practices on a widespread

15 level is likely to deceive the public.

16         Thus, it is clear that Defendant has engaged in unlawful, unfair, and

17 fraudulent business practices as a lending institution.  As such, Plaintiff has

18 properly pled her unfair business practices pursuant to California *Business &*

19 *Professions Code* Section 17200.

20    D.      Plaintiff's Fraud and Negligent Misrepresentation Causes of Action

21            State Valid Claims for Relief.

22         The necessary elements for fraud are (1) a false representation of a material

23 fact; (2) knowledge of the falsity; (3) intent to induce reliance; (4) justifiable

24 reliance; and (5) resulting damage. *Philipson & Simon v. Gulsvig* (2007) 154

25 Cal.App.4th 347, 363.  The elements for negligent misrepresentations are the same

26 as intentional misrepresentation or fraud except for the requirement of scienter.

27 *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 181-

28 182.

-9-

1    Plaintiff's FAC is filled with numerous allegations wherein authorized
2    representatives of Defendant, made false statements of material facts to Plaintiff.
3    The most glaring allegations are found in the assurances made by Defendant that
4    Plaintiff was pre-approved for a loan modification; that Defendant would not dual-
5    track the loan modification review and non-judicial foreclosure; and that any
6    arrearage under the Loan would be included in the loan modification and trailed to
7    the end of the loan, and that it was unnecessary for Plaintiff to cure the arrearage.
8    [FAC ¶¶ 17, 20, 25, 27, and 29].
9        Defendant's scienter is evidenced by its refusal and failure to modify
10   Plaintiff's Loan, or to explore any alternatives to help Plaintiff make her monthly
11   payments more affordable; and proceeded with the non-judicial foreclosure while
12   Plaintiff was under review for a loan modification.
13       Plaintiff was justified in relying upon the representations of Defendant's
14   authorized representatives, regarding the Loans, the foreclosure process, and the
15   offer of assistance in making payments more affordable.  Defendant is the
16   beneficiary and servicer of Plaintiff's Loans.  Moreover, Plaintiff forewent
17   alternative options or refinancing for the Property.  [FAC ¶ 18].
18       Defendant damaged Plaintiff through the fraudulent misrepresentations.  As a
19   direct result of Defendant's misrepresentations, Plaintiff's credit has been ruined
20   and she can no longer qualify for other loans or refinancing for the Property.  In
21   addition, Plaintiff has incurred thousands of dollars in legal fees to dispute
22   Defendant's violations of the HBOR and Defendant's wrongful foreclosure of her
23   home.  In addition, Defendant sold Plaintiff's home.
24       In addition, Defendant further claims it owes no legal duty to Plaintiff.
25   [Motion to Dismiss, pg. 8, line 16].  The duty of care requires the ordinary care to
26   prevent injury to others and is determined on a cases by case basis.  *Weirum v. RKO*
27   *Gen., Inc.* (1975) 15 Cal.3d 40.
28       Defendant is the servicer and beneficiary of Plaintiff's mortgage and as such

- 10 -

1   it owes a duty to Plaintiff to not mislead, misinform, and misrepresent to Plaintiff

2   regarding her Loans and the services Defendant provides.  A banking institution

3   cannot simply lie and mislead it customers because it is a lending institution.

4   Defendant has clearly failed its duty to Plaintiff.

5        As such, Plaintiff has properly pled her causes of action for Fraudulent and

6   Negligent Misrepresentation.

7        E.    Plaintiff's Claim for Promissory Estoppel is Properly Pled.

8        In its Motion to Dismiss, Defendant argues that Plaintiff's claim for

9   Promissory Estoppel fails as it is barred by the statute of frauds, there is no clear

10   and unambiguous promise, and Plaintiff did not detrimentally rely on the promise.

11   [Motion to Dismiss, pgs. 12-13, lines 26-28 and 1-3].

12        A claim for promissory estoppel involves a promise which the promisor

13   should reasonably expect to induce definite and substantial action or forbearance on

14   the part of the promise or a third person, and which does induce such action or

15   forbearance, is binding if injustice can be avoided only by enforcement of the

16   promise. *Drennan v. Star Paving Co.* (1958) 51 Cal.2d 409, 413; *Lange v. TIG Ins.*

17   *Co.* (1998) 68 Cal.App.4th 1179, 1185; *Los Angeles Equestrian Ctr. v. City of Los*

18   *Angeles* (1993) 17 Cal.App.4th 432, 448.

19        The promises made by Defendant are clear and unambiguous.  Defendant

20   informed Plaintiff that Defendant had agreed to provide Plaintiff a loan

21   modification after Plaintiff submitted her loan modification application; that she

22   was pre-approved for a loan modification; that any arrearage under the Loan would

23   be included in the loan modification and trailed to the end of the loan; that it was

24   unnecessary for Plaintiff to cure the arrearage; Defendant would not dual track the

25   non-judicial foreclosure with the loan modification review; that the Notice of

26   Default was recorded in error and for Plaintiff to ignore the notice; Plaintiff was

27   approved for a loan modification; and that she had 30 days to appeal the loan

28   modification denial.  [FAC ¶¶ 17, 20, 25, 28, and 91].

1    However, Defendant breached its promises to Plaintiff, by refusing to honor

2    their agreement to give Plaintiff a modification, by proceeding with the foreclosure

3    process by recording the Notice of Default and Notice of Trustee's Sale, and

4    conducting a foreclosure sale. [FAC ¶¶ 21, 26, 29, 92].

5    Plaintiff relied upon Defendant's promises that Plaintiff qualified for a loan

6    modification and that Plaintiff was approved for a loan modification by forging

7    alternative loans and financing for the Loan. Defendant's actions have also harmed

8    Plaintiff's credit score so as to make it nearly impossible for Plaintiff to secure

9    alternate loans and/or refinancing for the Property. [FAC ¶¶ 18 and 93].

10    Therefore, Plaintiff has clearly alleged an unambiguous promise in which she

11    relied to her detriment.   As such, Defendant should be estopped from reneging on

12    its promises to Plaintiff.

13    Further, the Statute of Fraud does not bar Plaintiff's promissory estoppel

14    claim. Defendant fails to recognize the efforts Plaintiff has undertaken in reliance

15    upon Defendant's promises and representations.

16    The California Supreme Court has held that "if there exists sufficient

17    consideration for an oral modification agreement, then full performance by the

18    promisee alone would suffice to render the agreement 'executed' within the

19    meaning of section 1698." *Raedeke v. Gibralter Sav. & Loan Ass'n* (1974) 10

20    Cal.3d 665, 673. Further, adequate consideration can be found in the completion

21    and submission of a loan modification package. *Vissuet v. Indymac Mortg. Services*

22    (S.D. Cal. 2010) 2010 WL 1031013 at 4. Furthermore, where there is a change in

23    position, such that the reliance upon the completion and submission of a loan

24    modification, as well as foregoing an opportunity to pursue alternate measures to

25    avoid foreclosure, is more than the mere payment of money and is sufficient to take

26    the contract out of the Statute of Frauds. *Sutherland v. Barclay Am. / Mortgage*

27    *Corp.* (1997) 53 Cal.App.4th 299, 312.

28    ///

- 12 -

1    In this case, Plaintiff submitted her loan modification package to Defendant

2    based upon the representations that Plaintiff was qualified for a loan modification,

3    and that Defendant would work with her.  Further, Plaintiff forewent alternate loans

4    and refinancing for the Property and Loan, and relied upon the representations

5    made by Defendant.  [FAC ¶ 18].

6    Plaintiff clearly altered her position, based on the promises and

7    representations made by Defendant.  As such, Defendant cannot avail itself to the

8    protections of the Statute of Fraud, based on Defendant's promises and

9    representations and Plaintiff's reliance upon and actions taken in reliance upon

10   Defendant's promises and representations.

11   Therefore, Plaintiff has clearly alleged an unambiguous promise in which she

12   relied to her detriment.   As such, Defendant should be estopped from reneging on

13   its promises to Plaintiff.

14                                    IV.

15                              CONCLUSION

16   Plaintiff CHERIE A. ADAMS respectfully request that this Court deny

17   Defendant URBAN TRUST BANK's Motion to Dismiss Plaintiff's First Amended

18   Complaint.  Or in the alternative, Plaintiff should be granted leave to amend her

19   complaint to comply with the Court's requirements.

20

21   DATED: February 27, 2015                        **MCFARLIN LLP**

22

23                                        By:    /s/ Connie C. Catone

24                                        _____

25                                        Jarrod Y. Nakano
                                          Connie C. Catone
26                                        Attorneys for Plaintiff
                                          CHERIE A. ADAMS
27

28

                                     - 13 -